Thomas RODRIQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–85–974–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 20, 1986.

Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., William J. Delmore, III, Houston, for appellee.

Before SEARS, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a jury conviction for burglary of a motor vehicle, enhanced by two prior convictions. The jury assessed punishment at eighty years in the Texas Department of Corrections. Appellant gave timely notice of appeal.

In three points of error appellant argues for reversal and remand or acquittal. He complains of: (1) the insufficiency of the evidence to support the jury verdict; (2) error by the court below in refusing to dismiss the jury panel; and (3) improper jury argument by the prosecutor concerning parole laws. We find no error and, therefore, affirm.

In point of error one, appellant argues that there was insufficient evidence to prove that the person testifying as the owner of the burglarized vehicle was in fact the owner of the burglarized vehicle. In deciding a question of sufficiency of either direct or circumstantial evidence, we view the evidence in the light most favorable to the jury's verdict and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Burks v. State,* 693 S.W.2d 932, 937 (Tex.Crim. App.1985). In applying this standard to a review of circumstantial evidence, the "exclusion of reasonable hypotheses" test may be used as one means of analyzing the sufficiency of circumstantial evidence. *Garrett v. State,* 682 S.W.2d 301, 304 (Tex. Crim.App.1984), *cert. denied,* 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985). Thus, " 'if the evidence supports an infer-

ence other than the guilt of the appellant, then a finding of guilt beyond a reasonable doubt is not a rational finding.' " *Garrett,* 682 S.W.2d at 304–305 (quoting *Denby v. State,* 654 S.W.2d 457, 464 (Tex.Crim.App. 1983)).

The indictment alleged that Longinos Quintero was the owner of the burglarized vehicle. At trial, Quintero testified that he parked his blue and white Ford Bronco on a parking lot at a church on Aurora Street on September 20, 1985, between 8:00 and 9:00 p.m. When he returned to his Bronco, the right side window was opened and the driver's side small window and the ignition were broken. Ms. Cotton, a witness, testified that she observed appellant and another person attempting to break the driver's side vent window of a blue and white Bronco in the parking lot of the church next to her residence at 318 Aurora Street. Her observance of this incident occurred on September 20, 1985 at approximately 8:45 p.m. After calling the police, she observed two people in the Bronco "messing" with the steering column, and she heard a loud clanging as if metal were being broken. The investigating officer testified that he met with Ms. Cotton and the "complainant who owned the truck that had been broken into" to get an identification by the witness of the suspects he had arrested. Also, he testified the vehicle that had been broken into was a 1979 blue Ford Bronco with a white top. He further stated that the ignition had been "popped out of the truck" and that the driver's vent window "had been pulled open."

We hold that, under the standard of review in *Burks,* 693 S.W.2d at 937, the evidence was sufficient to support a finding that Quintero was the owner of the burglarized motor vehicle. Further, in analyzing the evidence under the "exclusion of reasonable hypotheses" test discussed in *Garrett,* 682 S.W.2d at 304, we find that the evidence does not support any reasonable hypothesis other than the guilt of appellant. Point of error one is overruled.

In his second point of error, appellant argues that error was committed when his motion to dismiss the jury panel was denied. Jury selection in the trial began on December 9, 1985. At that time, appellant was scheduled to be tried with two co-defendants. Texas Code of Criminal Procedure Annotated article 35.15(b) (Vernon Supp.1986) provides: "In non-capital felony cases, the State and defendant shall each be entitled to ten peremptory challenges. If two or more defendants are tried together each defendant shall be entitled to six peremptory challenges and the State to six for each defendant." Accordingly, each of the three defendants was allocated six peremptory challenges and the State was allocated eighteen peremptory challenges. The jury strikes were made and the panel was released for the day. The following day the jury was sworn and then retired. At that time, appellant made a motion to dismiss the jury panel, stating that he could not get a fair trial with a panel that was struck by counsel for the former co-defendants. The basis for this assertion was that the two co-defendants chose to plead guilty and thus were not participating at trial. Appellant argues that, because he was not being "tried together" with any co-defendants, he was entitled to voir dire his own jury panel and to exercise the ten peremptory challenges authorized by statute. We are not persuaded by his argument.

Appellant urges us to construe the term "tried together" found in Tex. Code Crim.Proc.Ann. art. 35.15(b) (Vernon Supp.1986). We will do so and hold that within the context of article 35.15(b), "tried together" includes the voir dire aspect of a trial. Thus, if co-defendants are properly joined together for a trial, voir dire begins and concludes, and no specific harm is demonstrated by the statutorily authorized allocation of peremptory challenges, then a defendant who proceeds to trial with a jury struck by himself, his co-defendants and the State, regardless of whether his co-defendants proceed to trial with him, cannot complain of error. Judicial expediency dictates this result as well as the legislative intent apparent in the statute.

First, we note that, if not for the fortuitous guilty pleas of appellant's co-defendants, appellant would have no ground to assert error. He would have proceeded to trial with his co-defendants and with the jury struck by the three defense attorneys. He lodged no objection to being tried with the co-defendants, nor did he attempt to sever his trial from that of his co-defendants. Second, appellant's assertion that he could not "get a fair trial with this particular jury panel" is not a specific showing of harm resulting from the statutorily authorized allocation of peremptory challenges. Third, appellant did not move for additional peremptory challenges as he could have done if he did not believe that he had an adequate number of challenges. Finally, because article 35.15(b) requires allocation of an equal number of peremptory challenges for the prosecution and the defense, we regard this as a legislative determination that a fair jury may be selected by assuming the existence of "common interest" among criminal co-defendants. Point of error two is overruled.

In appellant's third point of error, he complains that the prosecutor was allowed to argue before the jury during the punishment phase concerning how long appellant would have to serve to satisfy the sentence assessed by the jury. The court's charge to the jury on punishment contained the required language of Tex.Code Crim.Proc. Ann. art. 37.07, § 4(b) (Vernon Supp.1986). Section 4(b) provides, in relevant part:

"Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

"It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

"Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-third of the sentence imposed or 20 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

"It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

"You may consider the existence of the parole law and good conduct time. *However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.*" (emphasis added)

It is the above-emphasized paragraph that appellant contends was violated by prosecutorial argument. During argument, the prosecutor discussed the range available for sentencing and rhetorically asked the jury whether they wanted the appellant "out there the minimum amount of time." The following argument ensued:

PROSECUTOR: There is on the second page of the charge, which you will have a copy of, you will see that a person can become eligible for parole on a life sentence—

DEFENSE COUNSEL: Excuse me. Objection. It's improper argument.

PROSECUTOR: I'm talking about a person, Judge, not this defendant in this case.

THE COURT: The jury is not supposed to apply that to this case according to the charge.

PROSECUTOR: That's right. A person—

DEFENSE COUNSEL: Did I get a ruling on my motion?

THE COURT: I overrule it.

PROSECUTOR: A person can become eligible for parole on a life sentence in one third the time or 20 years, whichever is less. That's in there. You can read it. That's all I'm going to say about it. But it's in the charge and it's on the second page.

Do you want this defendant to get out in the minimum time? You know what kind of life he's led. You know he steals, he'll break into your house to steal. No matter what he uses that money for, it's no mitigation. That's no reason. That's no defense. That's not something for you to consider to lessen it, he happens to spend it on heroin.

DEFENSE COUNSEL: Excuse me. I object to counsel's statement that a person can be out in one third of the time when he knows full well anyone that's got priors will not be paroled in one third of the time. He won't make first parole.

PROSECUTOR: Can we have him state his objection?

THE COURT: The charge of the Court is that a person may be eligible for parole when he serves a third of his time or 20 years, whichever is less. It doesn't mean he's going to get parole.

Let's go on. Let's quit applying it to this defendant.

 It is well-settled that impropriety arises during the punishment phase of trial when the prosecutor urges the jury to consider the length of time the defendant would actually be required to serve given any punishment the jury might impose. *McKay v. State*, 707 S.W.2d 23, 38 (Tex. Crim.App.1985). However, in order to constitute reversible error, the argument must be examined in light of the entire record and must be extreme or manifestly improper, violative of a mandatory statute or inject new facts harmful to the defendant into the trial proceedings. *McKay*, 707 S.W.2d at 38. We do not find that the

prosecutorial argument met any of these tests. Rather, we regard the prosecutor's remarks as being a mere paraphrasing of the court's statutorily authorized jury charge. *Jones v. State,* 641 S.W.2d 545, 550 (Tex.Crim.App.1982); *Sandlin v. State,* 477 S.W.2d 870, 873 (Tex.Crim.App.1972).

We also note that, although the defendant's objection was overruled, the trial judge nevertheless stated twice that the jury was not to apply the parole laws to this particular defendant. We regard his statement as being equivalent to an instruction to disregard. Thus, if the prosecutor's remarks were error, that error was cured by the trial judge's statement. *Franklin v. State,* 693 S.W.2d 420, 429 (Tex.Crim.App.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986). Further, we observe that application of the parole laws to defendant appear to have come more from his own attorney rather than from the prosecutor. Point of error three is overruled.

We affirm the trial court's judgment.