Lacy THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–285–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 18, 1988.

Janet Morrow, Houston, for appellant.

John B. Holmes, Jr., Barbara Budros, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

The jury convicted appellant of aggravated robbery by using or exhibiting a deadly weapon, and assessed punishment at forty-five years confinement. Appellant contends that the judgment should be reversed because of ineffective assistance of counsel, the trial court's parole instructions and the prosecutor's jury argument. We affirm.

Leroy Jarmon, the State's only witness, testified that on December 17, 1986, while returning home after purchasing some gasoline, he was hailed by three men. Jarmon recognized two of the men, as he had seen them around the neighborhood. One of the three pointed a pistol at Jarmon and said, "This is a holdup." Jarmon grabbed the gun and struggled with him. During the struggle, the gunman yelled "Stab him," and appellant stabbed Jarmon in the chest, puncturing his lung. The gunman then shot Jarmon in the face. Jarmon passed out briefly, and then went to Johnson's Barbecue seeking help. He woke up in the hospital four days later and discovered that his billfold, checkbook, keys and $190 in cash was missing. Jarmon spent four days in the hospital and his jaw was wired for six weeks. He later ascertained appellant's identity and gave that information to the police. He also picked appellant's photograph out of a police photo array, and identified appellant in a lineup and at trial.

In the first point of error appellant contends that he was denied effective assistance of counsel at trial.

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court enunciated a two-prong test to determine whether trial counsel rendered ineffective assistance. Initially, the appellant must show that counsel's performance was deficient, or in other words, that counsel's performance was not reasonably effective. If the first showing is made, the appellant must then show a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been

different. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Duncan v. State,* 717 S.W.2d 345, 347 (Tex.Crim.App.1986); *Ingham v. State,* 679 S.W.2d 503 (Tex.Crim.App.1984).

The Texas Court of Criminal Appeals has held that the *Strickland* test also applies to ineffective assistance claims under Texas constitutional and statutory provisions. *Hernandez v. State,* 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986).

■ Reasonable representation is determined by examining the totality of the representation afforded the accused, rather than by isolated acts or omissions of trial counsel. *Butler v. State,* 716 S.W.2d 48, 54 (Tex.Crim.App.1986). Ineffective assistance will be found only if firmly established in the record. *Faz v. State,* 510 S.W.2d 922 (Tex.Crim.App.1974).

Appellant contends his trial counsel was ineffective because he was not acquainted with the law concerning impeachment and cross-examination of defense reputation witnesses and was, therefore, not prepared to preserve the defense strategy from improper assault by the prosecutor. Specifically, appellant complains that his trial counsel was ineffective because: (1) he allowed the prosecution to examine witnesses about the offense for which he was being tried; (2) he allowed the prosecution to "convert" reputation witnesses to opinion witnesses; and (3) he allowed the prosecution to improperly comment on appellant's failure to call alibi witnesses.

■ The defense called four witnesses: Benjamin Gamble, Earl Arrington, Gerald Matson and Emma Johnson. A review of their testimony reveals that they did not testify only about appellant's reputation.

For example, Gamble, Arrington, and Johnson testified that Jarmon had a habit of drinking to excess while parked in his van on the neighborhood streets. Gamble and Johnson also testified that they were of the opinion that Jarmon and appellant knew one another. Furthermore, Johnson was a not only a reputation witness, but also a fact witness who testified about the victim's condition after he was robbed, and what he said about his attackers.

Clearly, appellant's witnesses were not only called to testify as to his good character, but also to impeach the character of the complainant. Therefore, the prosecution could cross-examine these witnesses about any matter relevant to any issue in the case, including credibility. Tex.R.Crim. Evid. 610(b).

■ Appellant also contends that his counsel allowed the prosecutor to improperly cross-examine the reputation witnesses regarding the offense for which he was on trial. The record does not support this contention.

Appellant claims that his counsel should have objected to the prosecutor's cross-examination of Gamble regarding the offense for which he was on trial. This line of questioning came, however, only after Gamble volunteered that appellant was with Gamble's son on the occasion in question. Thus, the prosecutor's cross-examination was an appropriate test of Gamble's credibility once he made himself a fact witness.

Likewise, appellant contends that his trial counsel should have objected to the prosecutor's cross-examination of Matson regarding the offense for which appellant was on trial. However, this line of questioning came after Matson volunteered his personal opinion that appellant did not commit the offense, and was an appropriate test of the basis for Matson's opinion.

The only time the prosecutor attempted to question a defense witness regarding the aggravated robbery without first being invited to do so by volunteered testimony, was when he asked Arrington if he had heard that "this defendant was accused of being one of three people that robbed, shot, and stabbed Leroy Jarmon." Defense counsel's proper and timely objection was sustained, the prosecutor was instructed to not "go into that matter."

Finally, appellant contends that his trial counsel should have objected to the prosecutor's cross-examination of Johnson because of the prosecutor's attempts to use the offense on trial as a tool to question the worth of appellant's character evidence.

The record does not support this contention. The prosecutor only referred to appellant's prior conviction for burglary of a habitation, and asked Johnson how it affected her opinion of appellant's reputation. The prosecutor did not refer to the offense for which appellant was on trial. Furthermore, when the prosecutor implied that appellant had committed several burglaries in the past, defense counsel's timely objection was sustained, and the jury was instructed to disregard the question.

Appellant also contends that his trial counsel was ineffective because he allowed the prosecutor to "convert" reputation witnesses to opinion witnesses.

Appellant claims that the State may not ask questions on cross-examination of a particular witness that bear no logical relation to that witness' direct testimony on that issue, relying upon *Ward v. State*, 591 S.W.2d 810 (Tex.Crim.App.1978) and *Smith v. State*, 414 S.W.2d 659 (Tex.Crim.App. 1967). This is an untenable and overbroad interpretation of these cases.

Both *Ward* and *Smith* dealt with the application of the pre-Texas Rules of Criminal Evidence general rules that an inquiry as to character must be limited to the general reputation of the accused in the community of his residence or where he is best known, and that it is not proper to prove character by evidence of personal opinion or specific acts.

*Ward* held that a witness who did not testify as to the defendant's character could not be asked "have you heard" questions. On rehearing, the court also held that while the State may cross-examine a defense reputation witness with "have you heard" questions, it may not ask these questions of an opinion witness, because of the distinction between reputation and opinion evidence which makes the rationale for asking "have you heard" questions of reputation witnesses inapplicable to opinion witnesses. *Ward*, 591 S.W.2d at 818.

In short, a reputation witness is a reputation witness and an opinion witness is an opinion witness; the State may not construe an opinion witness as a reputation witness in order to ask "have you heard" questions on cross-examination.

Under TEX.R.CRIM.EVID. 404(a)(1), the accused may now offer general reputation or opinion testimony to prove character. Nevertheless, the general principles regarding proper cross-examination still apply. Reputation witnesses may be asked only "have you heard questions" in an attempt to affect the weight of their testimony. Opinion witnesses may be asked only "do you know" questions to test the basis for their personal opinions.

Appellant would have this Court read *Ward* so as to limit cross-examination of a defense reputation witness solely to "have you heard" questions regardless of what other testimony the witness may offer on direct examination or may volunteer on cross-examination. Since the enactment of Rule 404(a)(1), *Ward* cannot be construed to preclude the State from testing a witness' expression of personal opinion if he volunteers it on cross-examination, even though he may have only testified as to general reputation on direct examination.

Appellant contends that the prosecutor converted his reputation witnesses to opinion witnesses and cross-examined them on that basis. The record does not support this contention. Appellant argues that the prosecutor converted his witnesses by using the word "opinion" in framing his "have you heard" questions. However, the mere use of the word "opinion" does not an opinion witness make. If the witness volunteers his personal opinion while the prosecutor is asking legitimate "have you heard" questions, so be it. Gamble and Matson "converted" themselves to opinion witnesses.

Appellant further contends that his trial counsel was ineffective because he allowed the prosecutor to improperly comment on appellant's failure to call alibi witnesses.

Permissible jury argument falls within one of four general areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answers to arguments of opposing counsel; and (4) pleas for law enforcement. *Albiar v.*

*State*, 739 S.W.2d 360, 362 (Tex.Crim.App. 1987); *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex.Crim.App.1980). However, an argument which exceeds these bounds does not constitute reversible error unless, in light of the record as a whole, the argument is extreme, manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *McKay v. State*, 707 S.W. 2d 23, 26 (Tex.Crim.App.1985).

■ A prosecuting attorney may comment on the failure of a defendant to call competent and material witnesses, when it is shown that these witnesses were available to testify, but were not called by the defendant. *Garrett v. State*, 632 S.W.2d 350, 353 (Tex.Crim.App. [Panel Op.] 1982); *Carrillo v. State*, 566 S.W.2d 902, 913 (Tex. Crim.App. [Panel Op.] 1978).

Appellant admits that his own witness, Gamble, volunteered an alibi for appellant during cross-examination, when he testified that appellant was with his son on the night of the robbery. But, appellant then claims that the State did not show the existence of a competent and material alibi witness, nor does the record reflect that this person was available to testify on appellant's behalf.

The testimony of Gamble's son was presumably competent and material to appellant's case. However, there was no evidence that he was available to testify. Nevertheless, because appellant did not object to the prosecutor's argument, nothing is preserved for our review. Furthermore, the argument was not so harmful that an instruction to disregard could not have cured any harm. *Green v. State*, 682 S.W. 2d 271, 295 (Tex.Crim.App.1984).

■ The constitutional right to counsel does *not* mean errorless counsel whose competency or accuracy of representation is to be judged by hindsight. *Ingham*, 679 S.W.2d at 509. Upon reviewing defense counsel's representation, we hold that appellant has failed to show that his trial counsel's performance was deficient. The record does not support his contention that counsel allowed the prosecutor to launch an improper assault on the defense witnesses. Appellant's first point of error is overruled.

■ In points of error two and three, appellant contends that the trial court erred by submitting to the jury at the punishment phase the parole instructions set out in TEX.CODE CRIM.PROC. art. 37.07, § 4(a). Specifically, appellant claims that the instructions violated the separation of powers doctrine of the Texas Constitution, and denied him due process of law.

The Court of Criminal Appeals recently held this statute to be unconstitutional in *Rose v. State*, 752 S.W.2d 529 (Tex.Crim. App.1988) (opinion on the court's own motion). Writing for the court en banc, Judge Campbell reexamined the court's original opinion in *Rose* and announced that article 37.07, section 4(a) is unconstitutional because it violates the separation of powers and the due course of law provisions of the Texas Constitution.

The court determined that the correct standard of harm analysis to be applied in cases involving the statute is as follows:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or the punishment.

TEX.R.APP.P. 81(b)(2).

Some of the factors to consider in determining whether the error was harmless include: whether the jury was given a "curative instruction," and whether the facts of the offense militate in favor of the sentence imposed.

In this case, after reading the statutory instruction, the trial judge read the following instruction to the jury:

You are not to discuss among yourselves how long the accused would be required to serve the sentence that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of Texas, and must not be considered by you.

An almost identical curative instruction was given in *Rose.* There, the court held that because a reviewing court will generally presume that a jury follows the instructions given by the trial judge, it is assumed the jury followed the judge's admonishment that parole was none of their concern.

Furthermore, the facts of the offense militate in favor of a harsh sentence. Appellant and his companions lured their victim into a holdup. Appellant stabbed Jarmon in the chest, giving his cohort the chance to shoot Jarmon in the face. The three men then robbed Jarmon and left him wounded.

The presumption that the jury followed the trial judge's final instruction to totally disregard parole, coupled with the particularly heinous facts of this case, lead us to conclude that the statutory parole instruction did not affect appellant's sentence. Thus, the error did not contribute to appellant's punishment.

Appellant's second and third points of error are overruled.

■ In the fourth point of error appellant contends that the trial court erred in overruling his objection to the prosecutor's statement to the jury that appellant's parole eligibility date could be reduced by the award of good time. It is improper for a prosecutor "to urge the jury to consider the length of time the defendant would actually be required to serve given any punishment the jury might impose." *McKay,* 707 S.W.2d at 38. However, in order to constitute reversible error, the argument must be "examined in light of the entire record and must be extreme or manifestly improper, violative of a mandatory statute or inject new facts harmful to the defendant into the trial proceedings." 707 S.W.2d at 38; *see also Franklin v. State,* 693 S.W.2d 420, 429 (Tex.Crim.App.1985).

This court held that a similar prosecutor's argument was not reversible error in *Rodriquez v. State,* 721 S.W.2d 504 (Tex. App.—Houston [14th Dist.] 1986, pet. granted).

Furthermore, the trial court sustained defense counsel's first objection to the prosecutor's remark on good time, and instructed the jury to follow the law in the court's charge. Any error in the prosecutor's remarks was cured by the trial judge's statement. *Franklin,* 693 S.W.2d at 429; *Rodriquez,* 721 S.W.2d at 508.

Appellant's fourth point of error is overruled.