**Thomas RODRIQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0012–87.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 26, 1988.

Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Cathleen C. Herasimuchuk, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

PER CURIAM.

Appellant was convicted of the offense of burglary of a motor vehicle and the punishment was assessed at eighty (80) years in the Texas Department of Corrections. On direct appeal the conviction was affirmed. *Rodriquez v. State*, 721 S.W.2d 504 (Tex. App.—Houston [14th] 1986). Appellant filed a petition for discretionary review in which he contended that the prosecutor's argument referring to the law of parole was error. The Court of Appeals noted that the charge contained the instruction mandated by Article 37.07, § 4, V.A.C.C.P. They then analyzed the argument under the test set out in *McKay v. State*, 707 S.W.2d 23 (Tex.Cr.App.1985). Finding no error the Court of Appeals overruled the point of error.

Recently, however, this Court delivered our opinion in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988), in which we held that the statute in question is unconstitutional and that the appropriate vehicle to determine harm in a situation involving the parole law instruction is found in Tex.R. App.Pro. 81(b)(2). The Court of Appeals relied on the giving of the unconstitutional jury instruction in determining that the jury argument here was not error.

Therefore, this cause is remanded to the Court of Appeals for reconsideration of the harm, if any, caused appellant by the arguments relating to the complained of charge in a manner consistent with *Rose, supra* and *Haynie v. State*, 751 S.W.2d 878 (Tex. Cr.App.1988).

ONION, P.J., dissents to the remand.

DUNCAN, Judge, dissenting.

In *Jefferson v. State*, 751 S.W.2d 502 (Tex.Cr.App.1988) (Dissenting, Duncan, J.), I dissented because the majority gratuitously permitted the State to ignore the court of appeals and pursue a constitutionally predicated claim directly in this Court through a petition for discretionary review. In the present case, the majority has permitted the appellant to similarly ignore the court of appeals and bootstrap a contention of unconstitutionality upon a claim that the State's jury argument was improper.

In the court of appeals, the appellant argued that the prosecutor indirectly, but nonetheless improperly, commented on how long he would have to remain in the penitentiary relative to the instruction then authorized by Article 37.07, § 4(b), V.A.C.C.P. The court of appeals rejected his contention, concluding that the argument was "a mere paraphrasing of the court's statutorily authorized jury charge." *Rodriquez v. State*, 721 S.W.2d 504 (Tex.App.—Houston [14th] 1986). The appellant did not assert that Article 37.07, § 4(b), supra, was unconstitutional.

In his petition for discretionary review, the appellant again claims only that the jury argument rather than the jury charge was improper. That is the basis upon which the petition for discretionary review was granted. The first time the appellant alleges the statute is unconstitutional is in his Brief on Discretionary Review. That constitutes a procedural default as to the issue of the statute's constitutionality.

This Court should review the claimed error as identified in the petition for discretionary review and not permit the appellant to so belatedly claim a constitutional defect.

Consequently, I dissent.