NUMBER 13-00-598-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI

____________________________________________________________

RAYMOND McCOWN, Appellant,

v.

THE STATE OF TEXAS, Appellee.

______________________________________________________________

On appeal from the 24th District Court of Victoria County, Texas.

_________________________________________________________________

O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Yañez

Appellant, Raymond McCown challenges his conviction of indecency with a child. (1) Punishment was assessed at thirteen
years in the Institutional Division of the Texas Department of Criminal Justice and a $5,000.00 fine. We affirm.

Background

On July 31, 1999, three children, a ten-year old girl, an eleven-year old girl , and an eleven-year old boy, were playing in
the street across the front yard of their father's home when they noticed a man who lived on the same street was trying to
drive a lawn mower onto his pick-up truck. The lawn mower flipped over and made a loud crashing noise. The three
children went over to check if the man had been hurt and recognized the man, later identified as McCown, as the man
living two houses down from their father's house. At that time, the three children did not know appellant by name. The
three kids only recognized appellant as the man living two houses down from their father's house. 

K.Z., the eleven-year old girl, testified that appellant asked if they would like a ride on the lawn mower. The kids readily
accepted the invitation to the ride because they thought that it would be fun. Appellant sat on the seat of the mower and
each child, in turn, sat on appellant's lap in a straddle position over his right leg and did the steering. 

K.Z. testified that her stepbrother rode first, then she did, then her sister A.Z. K.Z. further testified that during her first ride,
appellant put his hand on her "private area," but over her button-up jeans. As K.Z. got off the mower, A.Z. immediately
took her turn on the mower, so K.Z. was unable to inform A.Z. of the incident. Instead, K.Z. told J.R. that appellant had
touched her in her private area, but they both concluded he was just trying to hold on to them. 

A.Z., the ten-year old girl, also testified that during her first ride, appellant touched her in her private area by placing his
hand over her zip-up jeans. A.Z. testified that after her first ride, K.Z. asked her if appellant touched her and A.Z.
responded that appellant had touched her in her private area. 

J.R., the eleven-year old boy, testified that appellant did not touch him during his first ride, but that appellant did touch him
during his second ride. However, after his second ride, J.R. concluded that he was probably trying to hold on to him. 

K.Z. testified that when she took her second ride, appellant told her that he felt something in her jeans and asked K.Z. if he
could feel what it was. K.Z.'s response was that she would check what it was when she returned home. Despite K.Z.'s
refusal, appellant attempted to get his hand into her jeans, but he was unable to completely get his hand into her jeans
because her jeans were too tight. K.Z. testified that she immediately got off the mower and before she could tell A.Z.
anything, A.Z. was already on her second ride. K.Z. ran into her father's home so that she could try to contact her mother
and father. 

A.Z. testified that while she was steering the mower on her second ride, appellant unzipped her jeans and touched her in her
private area. A.Z. immediately let go of the wheel, so appellant removed his hands to get a hold of the wheel and A.Z. got
off.

K.Z. was unable to contact her father, so she called her mother. As soon as their mother arrived, she called the police. The
police officer testified that the children were in tears when he arrived at the scene. A jury convicted McCown of indecency
with a child.

Appellant raises two points of error. In his first point of error, appellant asserts that he was without the effective assistance
of counsel. In his second point of error, appellant argues that the court erred in permitting the State to introduce evidence
of appellant's prior conviction of solicitation of a child. We will address appellant's second point of error first. 

Introduction of a Prior Conviction

Under direct examination, appellant's wife was asked:

Q: You've been married to Raymond for 29 years. Is he a good person?

A: Yes, sir, he is. 

Q: Has he been a good husband?

A: Yes, Sir.

Q: Why should this jury believe you? You're this defendant's wife. 

A: Yes, He's not that--He's not that type of person. He's a loving, caring person. He's not going to hurt no person. 


Under cross examination, appellant's wife was asked: 

Q: In regards to the defendant, your testimony was that you don't believe he did this, he wouldn't do that to a child, he's
not that kind of person. You said you were married to him for 29 years; is that correct?

A: Yes, sir. 

Q: Did you know that back in 1990, the defendant was--pled guilty to and was put on probation for the offense of
solicitation of a child. 

A: Yes, sir. 

Appellant argues that the court erred by allowing the introduction of appellant's 1990 conviction for solicitation of a child
and that it so prejudiced the jury that they failed to consider the evidence presented but rather convicted him on the basis of
his prior conviction and not on the evidence. Appellant further argues that appellant's wife only answered "yes" to the
questions stated above on direct examination and that her answers were opinion statements and not statements in relation to
the character of appellant. Therefore, appellant argues the prior conviction to which appellant objected should not have
been admitted into evidence. The State, on the other hand, argues that appellant "opened the door" to rebuttal testimony
when appellant's wife testified as to appellant being a good person.

In reviewing a trial court's decision to admit evidence of a defendant's prior conviction, we must accord the trial court
"wide discretion." Theus v. State, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). A ruling allowing the use of a prior
conviction for impeachment will be reversed on appeal only upon a showing of a clear abuse of discretion. Id. Rule 405(a)
of the Texas Rules of Evidence states: 

Reputation or Opinion. In all cases in which evidence of a person's character or character trait is admissible, proof may be
made by testimony as to reputation or by testimony in the form of an opinion. In a criminal case, to be qualified to testify at
the guilt state of trial concerning the character or character trait of an accused, a witness must have been familiar with the
reputation or with the underlying facts or information upon which the opinion is based, prior to the day of the offense. In
all cases where testimony is admitted under this rule, on cross examination inquiry is allowable into relevant specific
instance of conduct. 

Tex. R. Evid. 405(a). 

As a general rule, the State is entitled to present on rebuttal any evidence that tends to refute a defensive theory. Davis v.
State, 979 S.W.2d 863, 867 (Tex. App.--Beaumont 1998, no pet.). The possibility that such rebuttal evidence may
encompass extraneous offenses or acts on the part of the defendant does not preclude its admission into evidence. See
Davis, 979 S.W.2d at 867. Further, it is fundamental that opinion witnesses may be impeached with "did you know"
questions. Hedicke v. State, 779 S.W.2d 837,842 (Tex. Crim. App. 1989); Thomas v. State, 759 S.W.2d 449, 452 (Tex.
Crim. App. 1988); Blevins v. State, 884 S.W.2d 219, 229 (Tex. App.--Beaumont 1994, no pet.). When a witness testifies
as to the character of the accused, Rule 405(a) allows "do you know" questions to be asked of the witness to test the basis
for the witness's opinion. In re G.M.P., 909 S.W.2d 198, 209 (Tex. App--Houston [14th Dist.] 1995, no pet.); Reynolds v.
State, 848 S.W.2d 785, 788 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd); Thomas v. State, 759 S.W.2d at 452. Here,
by making the statements that "he's not going to hurt no person," "he's not that type of person," and he is a good person,
appellant's wife became a character witness, espousing her opinion about appellant's propensity to commit the crime. See
In re G.M.P., 909 S.W.2d at 209 (citing Hedicke, 779 S.W.2d at 839). In essence, appellant's wife introduced opinion
evidence as to a particular trait of character. Appellant "opened the door" for the State. Therefore, the State was entitled to
rebut the opinion testimony of appellant's wife. Moncrief v. State, 707 S.W.2d 630, 632 (Tex. Crim. App. 1986). We
overrule appellant's second point of error.

Ineffective Assistance of Counsel

Appellant's first point of error is that he received ineffective assistance of counsel. In review of ineffective assistance of
counsel, we use one standard to examine counsel's performance at both phases of noncapital trials. Hernandez v. State,
988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (applying Strickland v. Washington, 466 U.S. 668, 687 (1984)). We first
examine whether counsel failed to meet an objective standard for reasonable performance and then determine whether that
failure deprived the appellant of a fair trial. Strickland, 466 U.S. at 687-88; Jackson v. State, 973 S.W.2d 954, 956 (Tex.
Crim. App. 1998). We look at the totality of the representation. Ex parte Carillo, 687 S.W.2d 320, 324 (Tex. Crim. App.
1985). There is a strong presumption that counsel provided adequate assistance and made all the significant decisions in
the exercise of reasonable professional judgment. Strickland, 466 U.S. at 690. Counsel is allowed wide latitude within
reasonable professional standards to make tactical decisions. Id. We generally will not speculate as to trial strategy. 
Mayhue, 969 S.W.2d 503, 511 (Tex. App.--Austin 1998, no pet). The representation need not be free of error. Ingham v.
State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). The client must show a reasonable probability that, but for counsel's
errors, the result of the proceedings would have been different. Mayhue, 969 S.W.2d at 511. 

Appellant's first point of error has two parts. Appellant asserts that he received ineffective assistance of counsel when
counsel failed to file a "Request for Notice of Introduction of Extraneous Offenses" under Texas Code of Criminal
Procedure article 38.37. See Tex. Code Crim. Proc. Ann. art. 38.37 (Vernon Supp. 2001). Appellant asserts that the
failure of counsel to file said request resulted in unfair surprise at trial. Appellant further argues that the State's open-file
policy was not sufficient to confer notice on the defendant that the State intended to introduce an extraneous offense, his
prior conviction for solicitation of a child. 

Texas Code of Criminal Procedure article 38.37, Section 2 states:

Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts
committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on
relevant matters, including:

(1) the state of mind of the defendant and the child; and 

(2) the previous and subsequent relationship between the 

 defendant and the child. 

Tex. Code Crim. Proc. Ann. art. 38.37 (Vernon Supp. 2001) (Emphasis added). Section 3 of article 38.37 states "[o]n
timely request by the defendant, the state shall give the defendant notice of the state's intent to introduce in the case in chief
evidence described by Section 2 in the same manner as the state is required to give notice under Rule 404 (b) (2)
." Tex.
Code Crim. Proc. Ann. art. 38.37 (Vernon Supp. 2001).

Appellant's reliance upon article 38.37 is misplaced. In the case before this Court, the introduction of the prior conviction
was not introduced in the State's case in chief; it was introduced in cross-examination. Further, none of the children in this
case were involved in the prior act. Therefore, article 38.37 of the Texas Code of Criminal Procedure and Rule 404 (b) of
the Texas Rules of Evidence are inapplicable to these circumstances. 

Appellant makes an additional argument at the end of his first point of error. In a short paragraph, appellant generally
raises ineffective assistance of counsel. Appellant argues that during appellant's trial,

appellant's attorney failed to make timely objections and have those objections noted by the Court for the record on appeal
[and] [a]s a result of these failures, appellant was without the effective assistance of counsel and did not receive a fair trial. 

Pursuant to Rule 38.1(h) of the Texas Rules of Appellate Procedure, the appellant's "brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(h)
(Emphasis added). Appellant directs us to nothing in the record, makes no argument, and cites no authority to support his
contention. It is not the duty of this Court to search through the record and identify the errors. Perez v. State, 41 S.W.3d
712, 716 (Tex. App.--Corpus Christi 2001, pet. granted). Rather, it is appellant's duty to identify the errors and state them
in the brief. Id. An assertion without argument, authority, or citation to the record presents nothing for our review. Tex. R.
App. P. 38.1(h); McFarland v. State, 928 S.W.2d 482, 512 (Tex. Crim. App. 1996); Perez, 41 S.W.3d at 716. Appellant's
general allegations regarding ineffective assistance of counsel for failing to make timely objections are inadequately
briefed. Perez, 41 S.W.3d at 716. Appellant's first point of error is overruled. 

We AFFIRM the judgment of the trial court. 

LINDA REYNA YAÑEZ

Justice


Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

16th day of August, 2001.
1. Tex. Pen. Code Ann. §21.11(a)(1) (Vernon Supp. 2001).
2. Rule 404(b) states:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in
conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused
in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such
evidence other than that arising in the same transaction. 


Tex. R. Evid 404 (b) (Emphasis added).