Affirmed and Memorandum Opinion filed December 7, 2006








Affirmed and Memorandum Opinion filed December 7, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00874-CR

____________

 

FRANK SCOTT PETERSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 1029833

 



 

M E M O R A N D U M   O P I N I O N

Appellant Frank Scott Peterson was convicted of capital
murder and sentenced to life in prison.  In four issues he appeals his
conviction arguing the trial court erred in (1) overruling hearsay objections
to portions of a witness=s testimony, (2) overruling an objection
to the prosecutor=s opening statement, (3) permitting the
State to impeach a defense witness before the witness testified, and (4)
excluding opinion testimony.  We affirm.








Background

On August 14, 2002, the complainant, Thelma Goodwin, an
eighty-one year old widow, was found in her front yard with duct tape wrapped
around her head and feet.  When the complainant was first discovered, she was
lying on the ground, and appellant was holding her head.  When questioned by
the police and neighbors, appellant said he heard the complainant=s cries for help
and came to her aid.  Both the neighbors and police officers found this claim
suspicious because the complainant=s mouth was
covered with duct tape.  The complainant was transported by ambulance to the
hospital, where she died as a result of injuries caused by blunt force trauma.

Appellant lived in a travel trailer parked on the lot next
to the complainant=s home.  Appellant claimed to be
renovating the abandoned house on the lot.  Danielle Schwartze, a neighbor of
the complainant, told police officers that on the day the complainant was
killed, appellant asked her to buy a rock of crack cocaine for him.  When
Schwartze returned with the cocaine, she found appellant in the abandoned
house, gave him half of the rock of crack cocaine, and kept the other half for
herself.  Appellant asked Schwartze if she had any duct tape.  Schwartze asked
appellant why he needed duct tape and appellant replied, ASo I can tape that
bitch=s mouth up.@  When Schwartze
returned with the duct tape, she saw the complainant lying on the floor of the
abandoned house with her head and legs bound with duct tape.  Appellant told
Schwartze he and a companion had robbed the complainant.  Schwartze testified
that appellant and an unknown individual beat and kicked the complainant, then
threw her over the fence into her yard.








While investigating the death of the complainant, officers
learned that appellant had expressed animosity for the complainant because she
had not paid him enough money for trimming trees on her property. 
Investigators found appellant=s fingerprints inside the complainant=s home.  Several
of the complainant=s neighbors told the police that the
complainant was a very private person and did not allow anyone in her home. 
Further, Schwartze told a witness that she and appellant took money and jewelry
from the complainant=s home.  Appellant was subsequently
convicted of capital murder and sentenced to life in prison.

Standard of Review

In three of his four issues, appellant challenges the trial
court=s ruling on the
admission  or exclusion of evidence.  We review a trial court=s decision to
admit or exclude evidence for an abuse of discretion.  Weatherred v. State,
15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  We will only reverse a trial court=s decision to
admit or exclude evidence when that decision falls outside the zone of
reasonable disagreement.  Id.  

Hearsay Testimony

Angelique Martin Smith worked at Ruth=s House, an
assistance organization that provided food, clothing, and shelter for less
fortunate people.  The complainant worked in the clothes closet of Ruth=s House through an
organization called Sheltering Arms, which provides employment for elderly
people, such as complainant, in need of work to supplement their retirement
income.  Smith testified that the complainant attempted to obtain food for
appellant through Ruth=s House.  Smith told the complainant that
she could dispense food once without identification, but after that appellant
would have to file the appropriate documents with Ruth=s House to obtain
assistance.  Appellant objected to Smith=s testimony on the
grounds that the documents referred to were hearsay.  Because the documents
were not in evidence, the trial court overruled the objection.  Smith further
testified as follows:

Q.  What did you say to [the complainant] about these documents for an
applicant to receive food?

A.  What I said was that that person, actually, [appellant], would need
to come in himself.

[Defense counsel]: Your Honor, I object.  This is hearsay.

THE WITNESS: No, this is not hearsay.  This is not hearsay.

THE COURT: Hold on, ma=am.  I get to rule on that.  She=s right.  It=s not hearsay.  So, overrule your objection.  This is what
Ms. Martin Smith said.

 








On appeal, appellant contends the contents of the documents
referred to by Smith concerning an applicant receiving food constituted written
out-of-court statements and were, therefore, inadmissible as hearsay.  The
documents referred to by Smith were not introduced into evidence.  Smith merely
testified to the paperwork that needed to be filed for appellant to obtain
food.  The trial court did not err in overruling an objection to the admission
of documents that were never introduced into evidence.  

Appellant further contends that Smith=s statement that
appellant would need to come in to Ruth=s House for food
was inadmissible hearsay.  Hearsay is a statement, other than one made by the
declarant while testifying at trial or a hearing, offered in evidence to prove
the truth of the matter asserted.  Tex.
R. Evid. 801(d).  A statement that is not offered to prove the truth of
the matter asserted, but is offered for some other reason, is not hearsay.  Jeffley
v. State, 38 S.W.3d 847, 861 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d).  Smith=s statement that
appellant needed to come in to Ruth=s House and fill
out paperwork was not offered for the truth of the matter asserted.  The
statement was not offered to show how one obtains food from Ruth=s House but that
appellant was alleged to have killed a woman who was trying to help him.  The
trial court did not abuse its discretion in overruling appellant=s objections.  We
overrule appellant=s first issue.

Prosecutor=s Opening
Statement

In his second issue, appellant contends the trial court
erred in denying his objection to the prosecutor=s opening
statement.  Appellant complains of the following remarks made during the State=s opening
statement:

She=s going to tell you that she said, AWhy do you need this duct tape?@

And he says, ASo I can tape that f***ing bitch=s mouth shut.@

Now, Danielle backs off of this statement later.  Prosecutor named Joni
Vollman was handling this case at the time; and Danielle tried to take back
those words, probably because even a crackhead can tell that when you make such
an admission, it might get you in trouble.

 








[Defense counsel]: Judge, I object.  This is not proper opening
argument.

THE COURT: Well, Counsel, if this
is what she expects the evidence will show, she may proceed.

Article
36.01 of the Code of Criminal Procedure provides, AThe State=s attorney shall state to the jury
the nature of the accusation and the facts which are expected to be proved by
the State in support thereof.@  Tex. Code Crim.
Proc. Ann. art. 36.01(a)(3).  A preliminary statement of what the State
expects to prove is proper.  Marini v. State, 593 S.W.2d 709, 715 (Tex.
Crim. App. 1980).  If evidence is admissible at trial, the prosecutor does not
err in referencing the evidence during the opening statement.  Parra v.
State, 935 S.W.2d 862, 871 (Tex. App.CTexarkana 1996,
pet. ref=d). 

The State introduced evidence that Schwartze gave a
statement to police and approximately one hour later gave another statement. 
Schwartze also testified that prior to her grand jury testimony, she struck
through certain words in her statement.  When questioned why she redacted the
statement, Schwartze said she was afraid of appellant.  Schwartze also admitted
that she originally told police appellant had said, AWe robbed her, and
I=m going to kill
her.@  Schwartze later
struck that sentence from her statement because she again said she was afraid of
appellant.  Schwartze further testified she had been addicted to crack cocaine
and had smoked crack the day of the murder.  Thus, because there was evidence
admitted a trial that Schwartze regularly smoked crack cocaine and that she had
changed her statements, the prosecutor=s opening
statement was not improper.  As to appellant=s contention that
the prosecutor=s remark regarding Schwartze=s reason for
changing her statement (i.e., that Ait might get you
in trouble@) was improper, we disagree. Schwartze=s motive in
changing her statements was a proper area of inquiry at trial, and the
prosecutor did not err in referencing it during opening statement.  We overrule
appellant=s second issue.








Impeachment of
Defense Witness

In his third issue, appellant contends the trial court
erred in permitting the prosecutor to impeach a prospective defense witness
before the witness testified.  Harris County Sheriff=s Deputy Kevin
Mason was one of the officers who responded to the scene and testified at
trial.  On cross-examination, defense counsel questioned Mason about his report
and asked whether Officer William Christian had responded to the scene and
whether Christian had filed a report.  On re-direct examination, the prosecutor
asked Mason whether Christian was still employed by the Harris County Sheriff=s Department. 
Mason replied that Christian was no longer with the department, and the
prosecutor inquired as to whether his termination was related to this case. 
Defense counsel objected on the grounds that the reason for Christian=s termination was
irrelevant.  Outside of the jury=s presence, the
trial court determined that because appellant had issued a subpoena for
Christian, the prosecutor could ask Mason why Christian was terminated.  Before
the jury, Mason testified that Officer Christian had been fired for official
misconduct.

During appellant=s evidence,
Christian testified that he had been convicted of aggravated sexual assault. 
He further testified that he was employed by the Sheriff=s Department at
the time of the murder and he was one of the officers who responded to the
scene.  Christian testified that his report of the incident reflected that one
of the complainant=s neighbors had said he saw appellant
removing duct tape from the complainant=s mouth.  On
cross-examination, the prosecutor asked Christian about his conviction and
termination and whether it was related to the death of the complainant. 
Christian responded that the two cases were unrelated.








On appeal, appellant argues that the prosecutor=s questions were
improper impeachment because the witness had not yet testified and because his
termination from the Sheriff=s Department was not a proper area of
inquiry.  The State responds that by asking Deputy Mason about whether Officer
Christian responded to the scene and filed a report, appellant Aopened the door@ to permit the
State to explain why it did not call Christian as a witness.  See Parr
v. State, 557 S.W. 2d 99, 102 (Tex. Crim. App. 1977).

We need not decide, however, whether the trial court erred
in overruling appellant=s objections because it is clear that
error, if any, in the admission of this evidence was harmless. A non‑constitutional
error does not require reversal of the judgment unless it affected substantial
rights by having a substantial and injurious effect or influence in determining
the jury=s verdict.  Tex. R. App. P. 44.2(b); Rich v.
State, 160 S.W.3d 575, 577 (Tex. Crim. App. 2005).  Substantial rights are
not affected if, after examining the record as a whole, we have a fair
assurance that the error did not influence the jury or had but a slight effect. 
Guevara v. State, 152 S.W.3d 45, 53 (Tex. Crim. App. 2004).  Deputy
Mason testified that Christian had been terminated for official misconduct. 
Christian expanded on that evidence and explained he was convicted of
aggravated sexual assault and had been sentenced to serve a five-year prison
term.  Further, appellant did not object when the prosecutor questioned
Christian about his conviction.  Any damage to Christian=s credibility from
Mason=s testimony was
obviated by Christian=s own admission of his conviction.  We
overrule appellant=s third issue.

Opinion Testimony

In his fourth issue, appellant argues the trial court erred
in excluding Amanda Morgan=s testimony as to her opinion of the
truthfulness of Danielle Schwartze.  The State called Amanda Morgan as a
witness for the purpose of impeaching a portion of Schwartze=s testimony.  On
cross-examination, appellant asked Morgan, AIs Danielle
Schwartze a truthful person?@  The State objected, asserting appellant
had not Alaid the proper
predicate.@  The trial court sustained the State=s objection.  At
the end of the day, appellant made the following bill of exception outside the
presence of the jury:








[Defense counsel]:  Amanda Morgan hasChad I been allowed toCshe had been allowed to answer the question, Amanda
Morgan would have indicated that Danielle Schwartze is not a truthful, honest
person.  She would have also been able to answer that Danielle Schwartze is a
manipulative person.  These are all essential elements of who she is, what this
case is about; and in such as the State has proven her up to be an accomplice,
they become even more relevant.

THE COURT: Counsel, the problem is you didn=t ask her a specific question for
truth and character.  You wouldn=t ask, and I had to sustain her objection.  So, that=s why that didn=t get in.

During appellant=s case, he called
Amanda Morgan for the purpose of making another offer of proof outside the jury=s presence.  At
that time, the trial court ruled that Morgan could testify as to Schwartze=s reputation for
truthfulness in the community.  Morgan testified before the jury as follows:

Q.  And approximately when was it that you met Danielle Schwartze?

A.  I would say somewhere between January and March of 2001.

Q.  And, Ms. Morgan, I=m asking, yes or no, do you know her reputation in the community for
being a truthful person?

A.  Yes, sir.

Q.  And is that reputation good or bad?

A.  Bad.








Appellant contends the trial court erred in excluding
Morgan=s opinion of
Schwartze=s truthfulness.  One method of impeaching a witness=s credibility is
to demonstrate that the witness, as a general proposition, does not tell the
truth.  Tex. R. Evid. 608(a). 
This method of showing a general lack of credibility is accomplished by showing
that the witness has a poor reputation in the community for telling the truth. 
See Dixon v. State, 2 S.W.3d 263, 272 (Tex. Crim. App. 1998).  Another
method of impeachment permitted by Rule 608(a) is for a specific witness to
testify that, in her opinion, the other witness is not worthy of belief.  Id. 
Rule 608(a) explicitly permits both types of impeachment evidence.  Id. 
Rule 405(a), however, requires that before a witness can be qualified to
testify as to the character of the accused, the witness must have been
familiar with the reputation of the accused, or with the underlying
facts or information upon which the opinion is based.  Tex. R. Evid. 405(a).  Rule 608(a) imposes no such
requirement when the witness whose character is sought to be impeached is not
the accused.  The record reveals that Morgan=s opinion of
Schwartze=s truthfulness was admissible under Rule 608(a).

Nevertheless, the exclusion of Morgan=s testimony as to
her opinion of whether Schwartze was worthy of belief is not reversible error. 
When Rule 608(a) was adopted, it expanded the use of character testimony from
the common law, which confined character impeachment to reputation testimony.  See
Thomas v. State, 759 S.W.2d 449, 452 (Tex. App.CHouston [14th
Dist.] 1988, pet. ref=d) (recognizing change after promulgation
of rules of evidence).  The expansion was due to the fact that witnesses who
testify about the general reputation of another witness for truthfulness are
actually expressing their personal opinions of the witness, and the jury takes
it as such.  See Fed. R. Evid.
608(a) advisory committee=s note (noting that Awitnesses who
testify to reputation seem in fact often to be giving their opinions, disguised
somewhat misleadingly as reputation@).  Therefore, the
admission of Morgan=s testimony that Schwartze generally
suffered a bad reputation for truthfulness, rather than admitting Morgan=s opinion that
Schwartze did not tell the truth, did not affect appellant=s substantial
rights.  See Tex. R. App.
P. 44.2(b).  We overrule appellant=s fourth issue.

The judgment of the trial court is affirmed.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed December 7, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).